Harbakhash Singh WAHGA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72190.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2004.*

Decided April 2, 2004.

---

**3.** Margarito's affidavit is written all in capital letters; he states he and Lemus worked "AT SALINAS FARMS."

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**556**

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, Rohit Dharwadkar Law Offices of Hardeep Singh, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, Allen W. Hausman, Attorney, Deborah N. Misir, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, CLIFTON, Circuit Judges, and LEIGHTON, District Judge.**

MEMORANDUM ***

Harbakhash Singh Wahga, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and restriction on removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because of the BIA's summary affirmance, we treat the IJ's decision as the decision of the BIA. 8 C.F.R. 1003.1(e)(4); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review an adverse credibility finding and a denial of asylum under the substantial evi-

dence standard and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Lata v. INS*, 204 F.3d 1241, 1244–45 (9th Cir.2000). As the parties are familiar with the facts, procedural history, and arguments, we cite them only as necessary. We deny the petition.

Substantial evidence supports the IJ's adverse credibility findings. Specifically, Wahga's testimony regarding the length of time he was detained following each of his arrests was inconsistent with the information provided in the affidavits purportedly from Wahga's father and the village sarpanch. Furthermore, those affidavits, prepared at Wahga's request and based on details he provided, were suspiciously similar both to each other and to Wahga's own declaration. Most importantly, however, was Wahga's failure to present any documentation regarding his identity. Wahga stated that his estranged wife possessed all such documentation and would not send it to him, but that he could, if necessary, obtain identity documents from India. This explanation is implausible and reveals Wahga's lack of interest in accurately establishing his identity. A reasonable factfinder would not have been compelled to conclude that Wahga was a credible witness. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995).

Based on the foregoing, it follows that Wahga did not satisfy the more stringent standard for withholding of removal. *See Wang v. Ashcroft*, 341 F.3d 1015, 1022–23 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.